UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MANNA MINISTRY CENTER, a South Dakota nonprofit corporation, | ) ) ) ) | Civ. 11-4145-KES |
| Plaintiff, | ) ) | ORDER GRANTING MOTION FOR SUMMARY REMAND AND |
| vs. | ) ) | REQUEST FOR JUDICIAL NOTICE AND DENYING LEAVE |
| JERRY & SONJA ADRIAN, | ) ) | TO FILE A THIRD-PARTY COMPLAINT |
| Defendants. | ) | |

Defendants, Jerry and Sonja Adrian (the Adrians), filed a pro se notice of removal of a state court action to federal court on October 14, 2011. Plaintiff, Manna Ministry Center, moves for summary remand of the action to state court pursuant to 28 U.S.C. § 1446(c)(4) or in the alternative for a remand order pursuant to 28 U.S.C. § 1447(c). Manna Ministry asks this court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the file in the underlying state court action in the Second Judicial Circuit, Lincoln County, bearing the caption *Manna Ministry Center v. Jerry and Sonja Adrian*, Civ. 11-647. Manna Ministry also seeks an order requiring the Adrians to pay just costs and actual expenses incurred, including attorneys' fees, as a result of this removal action. The Adrians oppose Manna Ministry's motion for summary remand and have filed a motion for leave to file a third-party complaint. Manna Ministry opposes the filing of a third-party complaint.

## PROCEDURAL HISTORY

The present action stems from a forcible entry and detainer suit pursuant to South Dakota law that arose in the wake of a dispute over a parcel of property in Lincoln County, South Dakota. The Adrians were served with the complaint and summons on September 6, 2011. *See* Docket 8-1, Elector's Affidavit Evidencing Service of Summons and Complaint on Defendants. The Adrians, proceeding pro se, filed an answer and a motion to dismiss. The matter was scheduled for trial to commence on October 13, 2011. During the trial, the Adrians sought an extension of time, which the circuit court announced it would grant if the Adrians posted a $35,000 bond. The Adrians failed to do so. On October 13, 2011, after the close of the evidence, but before the circuit court announced its decision, the Adrians filed a document with the Lincoln County Clerk of Courts styled as a Notice of Removal. Later that same day, the circuit court ruled in Manna Ministry's favor and entered judgment against the Adrians. *See* Docket 8-2, Judgment. The Adrian's removal papers were not filed with the federal district court until October 14, 2011.

## DISCUSSION

### I.   Request for Judicial Notice

Manna Ministry requests that this court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the file in the underlying state court action in the Second Judicial Circuit, Lincoln County, bearing the

2

caption *Manna Ministry Center v. Jerry and Sonja Adrian*, Civ. 11-647. The

Eighth Circuit Court of Appeals has recognized that it is appropriate for federal

district courts to take judicial notice of state court files when they are relevant

to issues in federal court. *See Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th

Cir. 2010). Here the state court file is relevant in determining whether there is

a basis for federal jurisdiction. Manna Ministry's request for judicial notice is

granted.

## II.    Motion to Remand

Analysis of the propriety of removal requires interpretation of the removal

statutes, 28 U.S.C. § 1441 *et seq.*, in order to determine whether the case could

have originally been filed in federal court. *See City of Chicago v. Int'l College of

Surgeons*, 522 U.S. 156, 163 (1997). The right to remove a case from a state

court to a federal court is purely statutory. *See* 14B Charles Alan Wright et. al,

*Federal Practice and Procedure: Jurisdiction* § 3721 (4th ed. 1998). Many federal

courts strictly construe a motion to remove and resolve all doubts in favor of

remand. *See, e.g., Cotton v. South Dakota by and through the S.D. Dep't of Social

Servs.*, 843 F. Supp. 564, 568 (D.S.D 1994) ("If the propriety of removal is

doubtful, the case is to be remanded.").

### A.    The Adrians' notice of removal was untimely.

Manna Ministry argues that remand to state court is appropriate under 28 U.S.C. § 1446(c)(4) for two reasons. First, Manna Ministry asserts that the Adrians' motion for removal is time barred under § 1446(b). Second, Manna Ministry argues that removal to federal court after a judgment has been issued in state court is improper.[1]

Section 1446(b) requires a notice of removal to be filed within "thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Manna Ministry served the Adrians with the summons and complaint on September 6, 2011. *See* Docket 8-1, Elector's Affidavit Evidencing Service of Summons and Complaint on Defendants. The Adrians admit that they received a copy of the summons and complaint from the elector.[2] Thus, assuming that the complaint stated a federal issue that would have provided a basis for

---

[1] Because it is clear that the Adrians' motion for removal is time barred and does not state a basis for federal jurisdiction, this court declines to address this argument.

[2] The Adrians assert that they were served on August 29, 2011, rather than on September 6, 2011 as specified in the affidavit. Under either version of the facts, the Adrians' notice of removal is untimely.

removal, the last date at which the Adrians could have removed the suit in compliance with § 1446(b) was Thursday, October 6, 2011.

> The Adrians also contend that:

> The first notice of a case number, from the law firm, came with the notice of hearing dated October 6, 2011, giving notice of the hearing October 13, 2011. It was then that the Answer and Motion to Dismiss (previously hand delivered) [to the law firm representing Manna Ministry] was filed with the case. It was only then that any removal action could be done.

Docket 10, Response to Motion to Remand, at 1-2. But the Adrians misunderstand the procedure required by the removal statute. Section 1446 does not require a defendant to file a responsive pleading before a notice of removal may be filed. Instead, the removal statute requests the defendant to file the notice of removal within thirty days after service of the summons and compliant. The date the summons and complaint were given a case number is not relevant. Thus, the Adrians' notice of removal was not timely filed.

> **B.    This court lacks subject matter jurisdiction.**

Manna Ministry argues in the alternative that even if the Adrians' notice of removal ws timely filed, removal to federal court was improper because the stated basis for removal does not "arise under" federal law.

"A defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal jurisdiction exists." *Pet Quarters, Inc. v. Depository Trust & Clearing Co.*, 559 F.3d 772, 778 (8th Cir. 2009). The subject matter jurisdiction of this

court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute. Because the parties are both citizens of South Dakota and none of the statutory grounds for removal apply, this action is removable only upon a showing that "federal question" jurisdiction exists as set forth in § 1441(b).

On the civil cover sheet the Adrians completed when filing their Notice of Removal, the Adrians were asked to identify the civil statute under which they were filing.[3] The Adrians replied, "denial of due process/right to property" and did not identify a statute. While failure to provide a proper statutory basis is not always jurisdictionally fatal, such forgiveness is limited to cases where the jurisdictional requirements have been met. *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). That is not the case here.

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters*, 559 F.3d at 779. The complaint here raises no issues of federal law.

---

[3] The Adrians appear to be arguing that federal jurisdiction is proper based on their claim that they were denied due process of law in the state court proceedings. See Docket 10, Response to Motion to Remand, at 2 ("The demand for $35,000 cash appeared to be extortion and an excuse to justify denial of due process and denial of rights, under the Law of the Land, the Constitution for the United States of America, under the color of 'rules' or 'rule making.' ").

Nor does adjudication of the only state-law claim "turn on a federal constitutional or other important federal question." *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986)). Thus, subject matter jurisdiction is not predicated on 28 U.S.C. § 1441(b), the language of which tracks the "arising under" statute, 28 U.S.C. § 1331.

The Adrians' claim that the state court is depriving them of due process of law is also insufficient to confer federal subject matter jurisdiction under § 1443. Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To demonstrate that removal is proper under § 1443(1), a defendant first "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). A defendant is then also required to show that he or she "is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). This showing is made if a state law denies the removal

7

petitioner federal rights or in "the unusual case where an equivalent basis could be shown for an equally firm predication that the defendant would be denied or cannot enforce the specified federal right in state court." *Id.*

Removal under § 1443(2) is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

The Adrians' general due process claim does not meet these stringent requirements. They have not shown that they rely on a law providing for equal civil rights stated in terms of racial equality. Nor have they shown that there is a state law preventing them, or a firm basis for predicting that they will be prevented, from raising their federal claims in state court. Thus, the action is not removable under § 1443.

Finally, the Adrians' pro se status does not permit them to remove an action to federal court based on a generic due process claim. *See, e.g., Chevy Chase Bank v. Reyes*, No. 09-2023, 2009 WL 5030781 at *1-2 (E.D. Mo. Dec. 14, 2009) (holding that a pro se litigant's generic claim that a state court was depriving him of due process of law in a quiet title action was insufficient to confer federal jurisdiction and the case was remanded to state court). Thus, the Adrians have failed to identify a statutory basis for removal and the court has failed to identify such basis. Accordingly, this court lacks subject matter

jurisdiction over the complaint, and Manna Ministry's motion to remand is granted.

## III.   Attorneys' Fees

Manna Ministry also moves for payment of just costs and actual expense that it incurred as a result of the Adrians' attempted removal, including attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c).

Rule 11 of the Federal Rules of Civil Procedure provides that attorneys' fees and costs may be awarded as a sanction against a party. Manna Ministry does not identify the specific basis for a sanction of costs, actual expenses, and attorneys' fees under Rule 11, so the court will presume it seeks sanctions for a violation of Rule 11(b)(2) by the Adrians. *See* Docket 7, Motion to Remand to State Court and Request for Judicial Notice ("[The] Adrians' removal papers affirmatively show that the attempted removal is defective and improper."). Rule 11(b)(2) provides that: "By presenting to the court a . . . written motion . . . an . . . **unrepresented party** certifies that to the best of the person's knowledge, information, and belief . . . the claims, defenses, and **other legal contentions** are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2) (emphasis added). Even though the Adrians are pro se litigants, they can be sanctioned under Rule 11. *Carman v. Treat*, 7 F.3d 1379,

1381-82 (8th Cir. 1993). But Manna Ministry has failed to comply with the procedural requirements in Rule 11.

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Manna Ministry did not separately move for sanctions, but combined its motion with its motion for summary remand, request for judicial notice, and motion for costs and attorneys' fees pursuant to § 1447(c). Nor did Manna Ministry describe any specific conduct by the Adrians that violates Rule 11. Because Manna Ministry included its request for Rule 11 sanctions in its prayer for relief in another motion, the Adrians have not been afforded the benefit of the procedural requirements of Rule 11. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003) (holding that award of sanctions was an abuse of discretion where party's request for sanctions was not made separately from other motions and requests and the party did not serve a prepared motion on the other party prior to making a request for sanctions to the court). Thus, Manna Ministry's request for sanctions under Rule 11 is denied because of its failure to comply with Rule 11's procedural requirements.

Manna Ministry also seeks costs under 28 U.S.C. § 1147. Section 1147(c) provides that, upon a finding that removal was improper, the court may order the payment of just costs, including attorneys' fees. The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of

the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140.

The Eighth Circuit Court of Appeals has observed that pro se litigants often lack the capacity to recognize the legal merits of their claims. "Pro se [litigants] cannot simply be assumed to have the same ability as a [party] represented by counsel to recognize the objective merit or lack of merit of a claim." *Chester v. St. Louis Hous. Auth.,* 873 F.2d 207, 209 (8th Cir. 1989) (citing *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987)). In *Chester*, the Eighth Circuit Court of Appeals reversed an award of attorneys' fees against a pro se plaintiff under Title VII. The court noted that under Title VII, a prevailing defendant may be awarded attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 209 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)). Although the district court found the pro se plaintiff's claim was without merit, the Eighth Circuit reversed its award of attorneys' fees in part because the

11

court did not consider the plaintiff's status as a pro se litigant. *Id.* The same policy considerations apply here. While the Adrians may have lacked an "objectively reasonable basis for seeking removal," they cannot be expected to evaluate the merits of their legal contentions as effectively as represented parties. Manna Ministry has not alleged that the Adrians acted in bad faith in seeking to remove the action or that they sought to prolong the litigation or increase the costs of Manna Ministry. Finally, other district courts have recognized the importance of a removal petitioner's pro se status in evaluating requests for costs under § 1447(c). *See City of Superior v. Anderson*, No. 5-95-290, 1995 WL 861008 at *2 (D. Minn. Dec. 18, 1995) (finding that the award of costs under § 1447(c) would be imprudent because of defendant's pro se status); *Anderson v. State of Neb.*, 530 F. Supp. 19, 22 (D. Neb. 1981) (same). Thus, the award of costs is not appropriate under § 1447(c) and Manna Ministry's motion is denied.

## IV.    Motion for Leave to File Third-Party Complaint

The final matter for disposition is the Adrians' motion for leave to file a third-party complaint. The Adrians' proposed third-party complaint is 18 pages long and purports to sue a number of defendants, including Cadwell, Sanford, Deibert, and Garry, LLP, the law firm representing Manna Ministry and Circuit Judge Larry Long, who presided over the underlying state court action. The

12

third-party complaint also adds Raymond Ehrman as a third-party plaintiff. Manna Ministry opposes the motion.

As previously discussed, this court lacks subject matter jurisdiction over the present action. Accordingly, the Adrians' motion for leave to file a third-party complaint is denied. Therefore, it is

ORDERED that Manna Ministry's request for judicial notice (Docket 7) is granted pursuant to Rule 201 of the Federal Rules of Evidence.

IT IS FURTHER ORDERED that Manna Ministry's motion to remand to state court (Docket 7) is granted pursuant to 28 U.S.C. §§ 1446(c)(4), 1447(c). Manna Ministry's motion for the payment of just costs, expenses, and attorneys' fees (Docket 7) is denied pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Adrians' motion for leave to file a third-party complaint (Docket 11) is denied.

Dated January 23, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

13